UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STANLEY CHANCE, | : | |
|     Plaintiff, | : | CIVIL ACTION NO. |
| v. | : | 3-03-CV-37 (JCH) |
| | : | |
| RED DOT AIRPORT SHUTTLE, | : | |
| et al, | : | |
|     Defendants. | : | DECEMBER 22, 2003 |

### NOTICE TO PRO SE LITIGANT

On April 11, 2003, the defendants in this case filed a motion to dismiss [Dkt. No. 13] pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Specifically, they argue that the plaintiff's Amended Complaint, dated March 7, 2003 [Dkt. No. 10], must be dismissed in its entirety for lack of standing, for lack of jurisdiction, and for failure to state a claim upon which relief can be granted. See generally Def's Mem. Supp. [Dkt. No. 14].

A Rule 12(b) motion to dismiss may only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see Todd v. Exxon Corp., 275 F.3d 191, 197-98 (2d Cir. 2001). In considering such a motion, the court must accept the factual allegations alleged in the complaint as true and all inferences must be drawn in the plaintiffs' favor. See Stephenson v. Dow Chemical Co., 273 F.3d 249, 256 (2d Cir. 2001). A Rule 12(b) motion to dismiss cannot be granted simply because recovery appears remote or unlikely on the face of a complaint. See Bernheim v. Litt, 79 F.3d 318, 321 (2d Cir.

1996). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Id. (quotation omitted). "[B]ald assertions and conclusions of law will not suffice." Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). The court may dismiss claims under a motion to dismiss when it appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts which would entitled him to relief. See Jaghory v. New York State Dept. of Educ., 131 F.3d 326, 329 (2d Cir. 1997).

The court hereby gives notice to Stanley Chance, the pro se plaintiff, that he must file an opposition to the motion to dismiss, addressing the various grounds raised by the defendants. If no opposition is filed by the plaintiff, the defendants' motion may be granted and the action may be dismissed. See generally Ruotolo v. IRS, 28 F.3d 6, 8 (2d Cir. 1994) (court has obligation to make certain that pro se litigants are aware of the local rules and understand the consequences of the failure to comply with such rules). The plaintiff must file a memorandum in opposition no later than January 14, 2004.

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 22nd day of December, 2003.

/s/Janet C. Hall
Janet C. Hall
United States District Court Judge